**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division**

| | |
|---|---|
| **VERRANO HOMEOWNERS ASSOCIATION, INC.**, a Florida non-profit corporation; | **CASE NO.:**  3:18-CV-1119-J-34JRK |
| Plaintiff, v. | |
| **BEAZER HOMES CORP.**, a foreign corporation; **BEAZER HOMES, LLC** f/k/a **BEAZER HOMES CORP.**, a foreign limited liability company; | |
| Defendants. _____ | |
| **BEAZER HOMES CORP.**, a foreign corporation; **BEAZER HOMES, LLC** f/k/a **BEAZER HOMES CORP.**, a foreign limited liability company; | |
| Third-Party Plaintiffs, v. | |
| **JTM CONCRETE, INC.**, a Georgia corporation; *et. al.* | |
| Third-Party Defendants. | |

_____

### THIRD-PARTY DEFENDANT, JTM CONCRETE, INC.'S, MOTION FOR BIFURCATION PURSUANT TO RULE 42(b) AND SUPPORTING MEMORANDUM OF LAW

_____

i

COMES NOW, Third-Party Defendant, JTM CONCRETE, INC. ("JTM"), by and through its undersigned counsels, respectfully files its Motion for Bifurcation Pursuant to Rule 42(b) and Supporting Memorandum of Law. Third-Party Defendant seeks to have the claims of Third-Party Plaintiffs, BEAZER HOMES CORP., and BEAZER HOMES, LLC f/k/a BEAZER HOMES CORP.'s (hereinafter collectively "BEAZER"), bifurcated into a separate action from the present procedural posture given the prejudicial position JTM is in with its late entrance into the case.

As explained more thoroughly in the Memorandum of Law included herein, JTM believes that the requested relief is necessitated as the prejudice to JTM far outweighs any hardship on BEAZER or policy of judicial economy.

Dated February 4, 2020

Respectfully submitted,

**s/ Brendan N. Keeley**
BRENDAN N. KEELEY, ESQUIRE
Florida Bar Number: 22647
FRED P. WHITE, III, ESQUIRE
Florida Bar Number: 97359
BAUMANN, GANT & KEELEY, P.A.
3947 Boulevard Center Drive
Building 1000, Suite 101
Jacksonville, Florida  32207
Telephone:     904-619-7129
Facsimile:     904-374-8964
bkeeley@baumannlegal.com
fwhite@baumannlegal.com
bredish@baumannlegal.com
Counsels for Third-Party
Defendant, JTM Concrete, Inc.

## **TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………….i

STATEMENT OF FACTS …………………………………………………….......1

STANDARD FOR A MOTION FOR RULE 42(b) BIFURCATION……………..2

ARGUMENT ……………………………………………….................................2

    A.  This Court Should Bifurcate JTM from the action as the prejudice to JTM outweighs the need for judicial economy or cnvenience.………………………….........................................................2

CERTIFICATION OF ATTORNEY CONFERENCE……………………………..3

REQUEST FOR ORAL ARGUMENT …………………………………………….4

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F. 2d 1492 (11th Cir. 1985) ………….2

*In re Air Crash Disaster at Florida Everglades*, 549 F. 2d 1006, 1012 (5th Cir. 1977) ………………………........................................................................................2

*Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000) …2, 3

*Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)…...3

*Gambino v. Vilage of Oakbrook*, 164 F.R.D. 371 (M.D. Fla. 1995)……………….4

*Millette v. Tarnove*, 435 Fed. Appx. 848 (11th Cir. 2011)…………………………5

## **MISCELLANEOUS**

Fed. R. Civ. P. 42(b)……………………………………….....................................2

## BRIEF STATEMENT OF FACTS

The original action was filed by the Plaintiff on or about September 18, 2018. The Case Management and Scheduling Order and Referral to Mediation was entered on November 21, 2018. BEAZER subsequently filed its Third-Party Complaint on June 7, 2019 naming, among other, JTM. JTM was served via the Secretary of the State of Florida on October 3, 2019. JTM answered the Third-Party Complaint on February 4, 2020.

Pursuant to the Case Management and Scheduling Order and Referral to Mediation (hereinafter referred to as the "CMC Order") and subsequent extensions the Third-Party Defendants were required to disclose expert reports on or before December 6, 2019. The CMC Order also prescribed that motion to add parties or to amend pleadings expired on February 28, 2019, that discovery cut-off is on February 14, 2020 and that trial is set to begin on August 3, 2020.

There is no doubt that extensive discovery and numerous documents have already been exchanged by the parties to date. As a result of the above deadlines having elapsed prior to JTM's entrance into the case and the fact that discovery cut-off is in ten (10) days with the trial set to begin in less than six (6) months, JTM would be severely prejudiced should the Court not permit a bifurcation of this action. This prejudice far outweighs the need for judicial economy and consistent rulings.

Therefore, JTM requests, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure to be severed from the above action.

## STANDARD FOR RULE 42(b) BIFURCATION

Federal Rule of Civil Procedure 42(b) states as follows

> SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

In the present case, JTM would be severally prejudiced if bifurcation is not permitted given the fact that many of the crucial litigation deadlines have either elapsed or are rapidly approaching thereby not given JTM adequate time to prepare its defense of the claims.

## ARGUMENT

### A. This Court Should Bifurcate JTM from the action as the prejudice to JTM far outweighs the need for judicial economy or convenience.

Federal Courts have held that the ability to consolidate or separate out claims or actions is solely within the discretion of the trial court. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F. 2d 1492 (11th Cir. 1985). *See Also In re Air Crash Disaster at Florida Everglades*, 549 F. 2d 1006, 1012 (5th Cir. 1977) (holding that it is within the trial courts power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Moreover, Eleventh Circuit Court of Appeals has acknowledged that there are "countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential

prejudice to the litigants." *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000).

"In deciding whether to bifurcate, the Court should consider the convenience of bifurcation, judicial economy, and the risk of prejudice. *Id* at 1324-1325. *See Also Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)(noting that Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of convenience.' This is not a high standard…").

In the present case it is clear that the prejudice that would be imposed on JTM far outweighs the convenience of consolidated trials and the policy of judicial economy. The discovery cut-off is in ten (10) days from the date of the filing of this motion and there is no possible way that JTM can complete adequate discovery to provide a competent legal defense to BEAZERs' claims. To deny this request would put JTM at a disadvantage that it would not be able to overcome.

WHEREFORE, Third-Party Defendant, JTM Concrete, Inc., respectfully requests that the Court grant Third-Party Defendant's Motion for Bifurcation Pursuant to Rule 42(b) and Supporting Memorandum of Law for the reasons stated herein and award any further relief that it deems appropriate.

**CERTIFICATION OF GOOD FAITH ATTORNEY CONFERENCE**

Counsel for JTM certifies that they have complied with the attorney-conference requirement of Local Rule 3.01(g) on February 5, 2020, 2018 and the counsel for BEAZER does not agree to the entry of the Motion.

3

## **REQUEST FOR ORAL ARGUMENT**

JTM requests oral argument pursuant to Local Rule 3.01(j).  JTM estimates that the required amount of time for oral argument should be no more than 15 minutes.

Dated: February 5, 2020.

                                            Respectfully submitted,

                                            **s/ Brendan N. Keeley**
                                            BRENDAN N. KEELEY, ESQUIRE
                                            Florida Bar Number: 22647
                                            FRED P. WHITE, III, ESQUIRE
                                            Florida Bar Number: 97359
                                            BAUMANN, GANT & KEELEY, P.A.
                                            3947 Boulevard Center Drive
                                            Building 1000, Suite 101
                                            Jacksonville, Florida  32207
                                            Telephone:     904-619-7129
                                            Facsimile:      904-374-8964
                                            bkeeley@baumannlegal.com
                                            fwhite@baumannlegal.com
                                            bredish@baumannlegal.com
                                            Counsels for Third-Party
                                            Defendant, JTM Concrete, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Court this 5th day of February, 2020 using the Court's CM/ECF system, which will automatically send notice and a copy of same to all counsel of record.

                         **s/ Brendan N. Keeley**
                         BRENDAN N. KEELEY, ESQUIRE
                         Florida Bar Number: 22647
                         FRED P. WHITE, III, ESQUIRE
                         Florida Bar Number: 97359
                         BAUMANN, GANT & KEELEY, P.A.
                         3947 Boulevard Center Drive
                         Building 1000, Suite 101
                         Jacksonville, Florida  32207
                         Telephone:     904-619-7129
                         Facsimile:      904-374-8964
                         bkeeley@baumannlegal.com
                         fwhite@baumannlegal.com
                         rroger@baumannlegal.com
                         Counsels for Third-Party
                       Defendant, JTM Concrete, Inc.