**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VERANO HOMEOWNERS
ASSOCIATION, INC., a Florida
Non-profit corporation,

      Plaintiff,

vs.                                                     Case No. 3:18-cv-1119-J-34JRK

BEAZER HOMES CORP., a
Foreign corporation, et al.,

      Defendants.
_____

BEAZER HOMES CORP., a
Foreign corporation, et al.,

      Third-Party Plaintiffs,

vs.

ADMIRAL WINDOWS & DOORS,
INC., a Florida corporation, et al.,

      Third-Party Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 121; Report) entered by the Honorable James R. Klindt, United States Magistrate Judge, on February 6, 2020. In the Report, Judge Klindt recommends that Third-Party Defendant Raney Construction, Inc.'s Motion to Stay and Compel Arbitration (Doc. 73; Motion) be granted. See Report at 2, 12. On February 19, 2020, Third-Party Plaintiff Beazer Homes, LLC filed objections to the Report. See Defendant/Third-Party Plaintiff, Beazer Homes,

LLC f/k/a Beazer Homes Corp.'s Objections to Magistrate Judge's Report and Recommendations (Doc. 125; Objections). On March 4, 2020, Raney Construction, Inc. ("Raney") responded to the Objections. See Raney Construction Inc.'s Response to Beazer Homes Corp.'s Objections to the Magistrate Judge's Report and Recommendation Regarding Raney's Motion to Stay and Compel Arbitration (Doc. 130; Response). Accordingly, this matter is ripe for review.

Because the Court finds that the Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objections.[1]

## I. Background

Plaintiff, Verano Homeowners Association, Inc. ("the Association") initiated this action on April 26, 2018, by filing a Complaint against Defendants Beazer Homes Corp. and Beazer Homes LLC (collectively "Beazer") in the circuit court, Fourth Judicial Circuit in and for Duval County, Florida. See Complaint (Doc. 2). Beazer removed the case to this Court on September 18, 2018. See Notice of Removal (Doc. 1; Notice). On October 4, 2018, in accordance with the Court's September 20, 2018 Order directing it to cure certain

---

[1] At the outset, the Court notes that in the Objections, counsel incorrectly refers to Judge Klindt as "the Magistrate." See Objections at 3-4. Counsel should note that in 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge. . ."); see also Ruth Dapper, *A Judge by any Other Name? Mistitling of United States Magistrate Judges,* 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings in this or any other court, counsel should refer to a United States magistrate judge respectfully and properly as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F.Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

-2-

pleading deficiencies, see Order (Doc. 4), the Association filed its Corrected First Amended Complaint and Demand for Jury Trial (Doc. 6; Amended Complaint).

In the Amended Complaint, the Association asserts that it brings suit against Beazer "in its own right and on behalf of its members pursuant to Section 720.303(1) of the Florida Statutes," and seeks damages for "negligent and deficient construction of the common areas" and other matters "of common interest to the members of the Association." Amended Complaint at 1-2. On June 7, 2019, Beazer filed a third-party complaint naming eighteen sub-contractors, including Raney, as third-party defendants. See generally Defendant/Third-Party Plaintiffs, Beazer Homes Corp. and Beazer Homes, LLC's Third-Party Complaint (Doc. 25; Third-Party Complaint). Beazer later voluntarily dismissed its claims against two of the third-party defendants without prejudice, thus sixteen remain. See Order (Doc. 95).

With respect to Raney, in its Third-Party Complaint, Beazer alleges that Raney "supplied and installed the framing systems and associated components" at the property which is the subject of the dispute between the Association and Beazer. See Third-Party Complaint at 8 ¶ 35. Beazer seeks damages from Raney in connection with that work based on various state law theories. See id. at 95-102. Rather than answer the Third-Party Complaint, Raney filed the Motion, requesting that this Court stay the litigation on the Third-Party Complaint (as it pertains to Raney) and compel arbitration between Beazer and Raney. See Motion at 2. The undersigned referred the Motion to Judge Klindt on August 20, 2019, for preparation of a Report and Recommendation. See Order (Doc. 75).

In the Report, Judge Klindt notes that before addressing the parties' arguments regarding whether the dispute between them should be resolved by arbitration, "the Court

-3-

must decide the gateway question of whether the parties have to arbitrate the question of arbitrability, or whether the Court can decide it." See Report at 6. To answer that limited gateway question, Judge Klindt looked to the dispute resolution section of the contract between Beazer and Raney (Doc. 25-7; Contract) as well as applicable precedent. See generally Report. Ultimately, Judge Klindt determined that the Contract evinces the parties' clear and unmistakable intent to arbitrate questions of arbitrability; accordingly, he recommends granting Raney's Motion. See Report at 11-12 (quoting the Contract at 8 ¶ 10(a)).

## II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## III. Beazer's Objections

In the Objections, Beazer agrees with Judge Klindt's determination that the threshold question raised by the Motion is "whether the parties intended to arbitrate the question of arbitrability." See Objections at 3. Although Beazer does not disagree with the legal framework Judge Klindt used to resolve that question, Beazer contends that Judge

Klindt erred in his interpretation of Section 10 of Beazer's Contract with Raney. See id. The Court reproduces Section 10 of the Contract here:

10. **DISPUTE RESOLUTION.**

   (a) Any dispute arising out of or relating to this Agreement or the breach, termination or validity thereof shall be resolved by mandatory binding arbitration. This provision covers any and all claims or disputes between CONTRACTOR and BEAZER, or parties acting on BEAZER'S behalf, arising out of or relating, directly or indirectly, to CONTRACTOR'S performance of the Work, this Agreement, or any breach thereof, whether in tort or in contract, provided, however, that the arbitrator is not authorized to hear or decide any class arbitration proceeding. All such claims and disputes shall be resolved by binding arbitration

   _____  _____
   BEAZER/CONTRACTOR'S Initials

   Rev. Date 9/09                                                      8

held in the state in which the Project is located, pursuant to the procedures described in this section. Pending final resolution of any dispute, including disputes over alleged changes in the Work, CONTRACTOR shall proceed diligently with performance of the Work or alleged change in the Work and BEAZER shall continue to make payments, each in accordance with the terms of this Agreement.

   (b) Any claims and disputes relating to this Agreement, or the breach thereof, including without limitation, claims for breach of contract or indemnity, that arise out of claims asserted by any Home Owner against Beazer ("Home Owner Dispute") shall be decided by arbitration in the same manner and under the same procedure as provided in the purchase and sale agreement between BEAZER and its Home Owner and BEAZER shall have a right to join CONTRACTOR into any such arbitration between BEAZER and Home Owner. However, if a Home Owner Dispute is not decided by arbitration, BEAZER shall have a right to join CONTRACTOR to the forum in which the Home Owner Dispute is to be decided and any claims or disputes between BEAZER and CONTRACTOR relating to this Agreement that arise out of the Home Owner Dispute shall be resolved in the same form as said Home Owner Dispute.

   (c) Upon its request, BEAZER shall be entitled to consolidation or joinder of any arbitration involving BEAZER or CONTRACTOR with related arbitrations involving other parties.

   (d) Unless otherwise provided for in the Purchase and Sale Agreement between BEAZER and Home Owner, the arbitration shall be conducted by Construction Arbitration Services, Inc., or such other reputable arbitration service as BEAZER shall select, in its sole discretion, at the time the request for arbitration is submitted. The rules and procedures of the designated arbitration organization that are in effect at the time the request for arbitration is submitted, will be followed. A copy of the applicable rules and procedures will be delivered to CONTRACTOR upon request.

   (e) This Addendum shall be governed by the Federal Arbitration Act. (9 U.S.C. §1 et seq.) to the exclusion of any inconsistent state law, regulation or judicial decision. Any party to this Agreement may bring an action, including a summary or expedited proceeding, to compel arbitration of any controversy or claim to which this Agreement applies in any court having jurisdiction over such action. The award of the arbitrator shall be final and binding and may be entered as a judgment in any court of competent jurisdiction.

   (f) Notwithstanding anything to the contrary herein, in the arbitration of any dispute, the arbitrator shall be required to follow and apply the substantive state law as prescribed in this Agreement. Excepting for the CONTRACTOR's obligation under paragraph 5 above to defend and indemnify Beazer against claims by, or liability to, third parties, neither party will be liable to the other party or to CONTRACTOR's Agents, and expressly waive claims for, lost profits or punitive or consequential damages. Notwithstanding the foregoing, this waiver shall not limit (i) CONTRACTOR's insurance obligations and the rights and remedies of the Additional Insureds; (ii) amounts recoverable by BEAZER under the insurance policies that CONTRACTOR is required to maintain under this Agreement (or recoverable by the CONTRACTOR for the benefit of BEAZER in response to a claim by BEAZER), regardless of the nature of the claim or type of damage; and (iii) either Party's right to obtain specific performance and all other injunctive relief that may be available. CONTRACTOR shall include a similar waiver in favor of BEAZER in each of its subcontracts for performance of the Work on any Project. The Parties agree that the arbitrator shall not have the authority to award damages or forms of relief which exceed the damages or forms of relief expressly allowable under the terms of this Agreement.

> (g) Each party shall bear its own attorneys' fees and costs (including expert costs) for the arbitration. The arbitration filing fee and any other fees of the arbitration service, including, but not limited to, the arbitrators' fees shall be divided and paid equally as between CONTRACTOR and BEAZER. This filing fee shall not exceed the amount charged by the arbitration service for each arbitration. A copy of the current fee schedule of the arbitration service will be delivered to CONTRACTOR upon request. The arbitrator may, as part of any decision, award to the party prevailing at the arbitration any applicable filing fees or other arbitration fees paid by that party.
>
> WAIVER OF COURT AND JURY TRIAL. NOTICE: BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING THAT YOU HAVE READ AND UNDERSTAND THE FOREGOING BINDING ARBITRATION PROVISIONS AND THAT, EXCEPT WHERE PROHIBITED BY LAW, YOU AGREE TO HAVE ANY CLAIM OR DISPUTE DECIDED BY BINDING ARBITRATION AND THAT YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE CLAIM OR DISPUTE LITIGATED IN A COURT OR JURY TRIAL.
>
> CONTRACTOR [initials] 11/16/09  BEAZER [initials], 11/16/09

Contract at 8-9 ¶ 10 (page break in original after page 8, paragraph (a)).

Judge Klindt determined that the first sentence of paragraph 10(a) of the Contract (the "Delegation Clause") "evinces 'clear and unmistakable' intent of the parties for an arbitrator, not a court, to decide the gateway question of arbitrability." Report at 11. The Delegation Clause provides that "[a]ny dispute arising out of or relating to this Agreement or the breach, termination, or validity thereof shall be resolved by mandatory binding arbitration." Contract at 8 ¶ 10(a). As Judge Klindt correctly concludes, the Eleventh Circuit Court of Appeals has found similar language "to evince the requisite intent" to delegate questions of arbitrability to arbitration. See Report at 10-11 (collecting cases).[2] Thus, the Delegation Clause mandates arbitration of questions of arbitrability.

Despite the broad and unambiguous language of the Delegation Clause, Beazer argues that Section 10 of the Contract consists of seven "subsections," each concerning "different scenarios under which an arbitration may be commenced and the applicable procedures" to be followed. Objections at 3. According to Beazer, the nature of the dispute determines whether "subsection" (a) or (b) applies. See id. at 4. Beazer contends that, if

---

[2] The Court reads the citation on page 10 of the Report to JPay, Inc., 904 F.3d at 929, as referring to page 939.

the claim or dispute between it and Raney "arise[s] out of [a] Home Owner Dispute," arbitrability is governed by Section 10(b), not Section 10(a).[3] See id. at 4-5. In support, Beazer notes that "the term 'Home Owner' is not provided for nor contemplated anywhere in subsection (a). . .[i]n fact, subsection (b). . .specifically defines 'Home Owner Dispute' and provides the applicable procedures for such claims." Id. Because its Third-Party Complaint against Raney relates to the claims brought against Beazer by the Association, and because Beazer contends the Association's claims fall within the definition of "Home Owner Dispute," Beazer asserts Section 10(b) should apply. Id. at 4-5. For this reason, Beazer argues Judge Klindt erred by focusing on the language of paragraph 10(a). See id.

Preliminarily, the Court notes that Beazer's argument that Section 10 consists of seven subsections with each subsection concerning "different scenarios" and the applicable procedures for each is simply belied by the plain language of the Contract. Indeed, no reading of Section 10 supports this contention. More importantly, Beazer's argument that Section 10(b) governs is predicated on its contention that the Association's claims qualify as a "Home Owner Dispute" under the Contract. But, while Beazer adamantly contends the Association's claims do fall within that definition because the Association qualifies as a Home Owner, Raney equally adamantly contends that they do not. See generally Motion; Beazer Homes, LLC's f/k/a Beazer Homes Corp. Opposition to Raney Construction, Inc.'s Motion to Stay and Compel Arbitration (Doc. 80); Raney Construction, Inc.'s Reply to Beazer Homes Corp.'s Response to Raney's Motion to Stay and Compel Arbitration (Doc. 87). Resolving this dispute would resolve the ultimate

---

[3] In Section 10(b), the Contract defines a "Home Owner Dispute" as claims asserted "by any Home Owner against Beazer." See Contract at 9 ¶ 10(b).

question of the arbitrability of Beazer's Third-Party Claims against Raney. Thus, as Raney correctly notes in its Response (¶ 5), Beazer conflates the issue before the Court. In other words, Beazer's argument – that the Association's claims are governed by Section 10(b) because they fall within the definition of a "Home Owner Dispute" – goes to the question of arbitrability—not who should decide arbitrability. The Court's resolution of that question would conflict with the Contract's Delegation Clause, which expresses the parties' intent to delegate questions of arbitrability – including questions arising out of or relating to the contract – to arbitration in the first instance. See Jones v. Waffle House, Inc., 866 F.3d 1257, 1267-68 (11th Cir. 2017); Martinez v. Carnival Corp., 744 F.3d 1240, 1245-46 (11th Cir. 2014).

In its attempt to limit the applicability of the Delegation Clause, Beazer also argues that the second sentence of Section 10(a) provides an "important caveat" limiting its applicability to claims between Raney and Beazer. See Objections at 4. Specifically, this sentence states, in relevant part, "This provision covers any and all claims between Contractor [Raney] and Beazer. . . ." Contract at 8 ¶ 10(a). However, "covers any and all" does not imply a limitation on the applicability of the Delegation Clause such that it applies only to claims or disputes between Raney and Beazer. Rather, read naturally this phrase suggests that the Delegation Clause includes "claims or disputes between Contractor and Beazer."[4] Moreover, in suggesting that this sentence is a caveat or limitation, Beazer fails

---

[4] See, e.g., *Cover*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/cover. Accessed March 6, 2020 (defining "cover" in transitive verb form as "to have sufficient scope to include or take into account," "to lie over," "to spread over"); *Cover*, Oxford English Dictionary, https://www.oed.com/view/Entry/43350?rskey=As873q&result=4&isAdvanced=false#eid. Accessed March 6, 2020 (defining "cover" in transitive verb form as "to put or lay something over (an object), with the effect of hiding from view, protecting, or enclosing; to overlay, overspread"); *Cover*, Cambridge Dictionary Online, https://dictionary.cambridge.org/us/dictionary/english/cover. Accessed March 6, 2020 (defining "cover" in verb form as "to deal with or include someone or something"); *Cover*, Dictionary.com Dictionary,

-8-

to recognize that the claim it brings against Raney in the Third-Party Complaint could be construed as a claim "between Contractor [Raney] and Beazer," but resolution of that issue is for the arbitrator. Beazer's argument further fails to account for the final sentence of Section 10 which, in all capital letters states:

> . . .**BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING THAT YOU HAVE READ AND UNDERSTAND THE FOREGOING BINDING ARBITRATION PROVISIONS AND THAT, EXCEPT WHERE PROHIBITED BY LAW, YOU AGREE TO HAVE ANY CLAIM OR DISPUTE DECIDED BY BINDING ARBITRATION AND THAT YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE CLAIM OR DISPUTE LITIGATED IN A COURT OR JURY TRIAL**.

Contract at 8 ¶ 10 (formatting in original). This broad and unlimited "WAIVER AND NOTICE" language plainly reflects the parties' unequivocal intent that questions of arbitrability be decided in arbitration. Indeed, the language demonstrates that the default dispute resolution forum is arbitration and that the Delegation Clause requires arbitration of disputes over arbitrability.

Perhaps recognizing the breadth of the Delegation Clause, Beazer contends that a policy rationale supports denying Raney's Motion. Specifically, Beazer argues that "[i]n terms of judicial economy, it would not make sense for a court to direct Beazer to sixteen (16) individual arbitrations for the arbitrator to make this determination." Objections at 5. However, "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 529 (2019) (quoting Rent–A–Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010)). Beazer fails to cite authority suggesting that potential policy or efficiency concerns would permit a court to disregard the parties' contractual agreement, and the Court's inquiry

---

http://www.dictionary.com/browse/cover?s=t. Accessed March 6, 2020 (defining "cover" in transitive verb form as "to include, deal with, or provide for," "to extend over").

reveals no authority supporting such a proposition. See Objections at 5. A court should not disregard the express terms of a contract's delegation clause merely because its application may require a party to arbitrate similar claims among several parties. Indeed, "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." Henry Schein, 139 S. Ct. at 528. And "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." Id. at 529.[5]

Having conducted an independent review of the record in this action, and in particular of the Report, Beazer's Objections, Raney's Response, the parties' underlying filings and the relevant authorities, the Court finds no error in the Magistrate Judge's analysis. Thus, for the reasons stated in the Report, the Court will accept and adopt the legal conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED**:

1. Defendant/Third-Party Plaintiff Beazer's Objections to the Magistrate Judge's Report and Recommendation (**Doc. 125**) are **OVERRULED**.

2. The Report and Recommendation (**Doc. 121**) is **ADOPTED** as the opinion of the Court.

3. The Third-Party Defendant Raney Construction, Inc.'s Motion to Stay and Compel Arbitration (**Doc. 73**) is **GRANTED**.

4. Beazer and Raney are directed to submit their claims to arbitration.

---

[5] Moreover, to the extent that "all claims in the present matter are intimately related to each other," Objections at 5, Beazer may ostensibly exercise its discretion to "consolidat[e] or join[] any arbitration involving Beazer and [Raney] with related arbitrations involving other parties," Contract at 9 ¶ 10(c).

5. These parties shall file a joint status report upon the conclusion of the arbitration. If the arbitration is not completed by **July 31, 2020**, then the parties shall file a joint status report at that time and every 120 days thereafter until the arbitration is completed.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 27
Copies to:
Counsel of Record